536 So.2d 1007 (1988)
STATE of Florida On the Relation of Bill CHAPPELL, Jr., Petitioner,
v.
Bob MARTINEZ, et al., Etc., Respondents.
No. 73354.
Supreme Court of Florida.
December 8, 1988.
*1008 Guyte P. McCord, III and Edgar Lee Elzie, Jr. of MacFarlane, Ferguson, Allison & Kelly, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mitchell D. Franks, Director, General Legal Services, Alan C. Sundberg, Cynthia S. Tunnicliff, W. Douglas Hall and Mary E. Haskins of Carlton, Fields, Ward, Emmanuel, Smith and Cutler, P.A., and Richard C. McFarlin, Tallahassee, for respondents.
McDONALD, Justice.
Bill Chappell, Jr., a resident, taxpayer, and elector from Volusia County, Florida, petitions for a writ of mandamus and temporary injunctive relief. We have jurisdiction pursuant to article V, section 3(b)(8), Florida Constitution. Chappell, an unsuccessful candidate for election to the United States House of Representatives in the November 8, 1988 election, asks that we direct the Florida Elections Canvassing Commission to disregard the votes cast in Flagler County, to declare the winner of the seat at issue here without the Flagler County votes, and to enjoin certification of that winner to Congress until further order of this Court. We find that the Flagler County Canvassing Board substantially complied with section 102.111, Florida Statutes (1987), and, therefore, deny the requested relief.
In the November 8, 1988 general election Craig James received 125,467 votes and Chappell received 124,735 in the race for Florida's Fourth Congressional District. Because less than one-half of one percent of the votes cast separated the candidates, the votes had to be recounted pursuant to section 102.141, Florida Statutes (1987). Section 102.111, Florida Statutes (1987), provides that county canvassing boards shall forward election results to the Department of State immediately after certifying those results. The statute further states: "If the county returns are not received by the Department of State by 5 p.m. of the seventh day following an election, all missing counties shall be ignored, and the results shown by the returns on file shall be certified [by the State Election Canvassing Commission]." Five of the six counties in the Fourth Congressional District certified the results of the election and recount by 5:00 p.m., November 15, the seventh day after the election. The Flagler County Canvassing Board's original certificate, however, did not reach the Department of State until November 17, 1988. Chappell, therefore, argues that section 102.111 mandates that the Flagler County votes not be counted and that he be declared the winner of the Congressional seat because, without the 11,000 Flagler County votes, his tally is more than two hundred votes greater than his opponent's. As pointed out in response, however, the Flagler County Canvassing Board informed the Department of State of the results of the recount by telephone on November 14. Moreover, the Department of State received a facsimile telecopy of the written certificate early on November 16.
Contrary to Chappell's claim, we do not find that section 102.111's "all missing counties" language turns the certification process into "an imperative, ministerial" duty, "involving no judgment on the part" of the state canvassing commission. The statute says that returns shall be received by 5:00 p.m. of the seventh day after the election. The Department of State received Flagler County's returns on November 14. Granted, the returns arrived telephonically, rather than in writing, but section 102.111 does not explicitly require that the returns be in writing.
In Boardman v. Esteva, 323 So.2d 259 (Fla. 1975), cert. denied, 425 U.S. 967, 96 S.Ct. 2162, 48 L.Ed.2d 791 (1976), this Court considered a suit to keep absentee ballots from being counted. The Court concluded that the electorate's effecting its will through its balloting, not the hypertechnical compliance with statutes, is the object of holding an election. "There is no magic in the statutory requirements. If they are complied with to the extent that *1009 the duly responsible election officials can ascertain that the electors whose votes are being canvassed are qualified and registered to vote, and that they do so in a proper manner, then who can be heard to complain that the statute has not been literally and absolutely complied with?" Id. at 267.
There has been substantial, and perhaps complete, compliance with section 102.111. Chappell has presented no compelling reason for disenfranchising the 11,000 residents of Flagler County who cast their ballots on November 8. We therefore deny the petition for writ of mandamus and any other relief sought in this case.[*]
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Because we find substantial compliance sufficient in this case, we do not address the issue of mandatory/directory construction or the constitutionality of the election statutes.